UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
DAVID FARKASH
on behalf of himself and
all other similarly situated consumers

                Plaintiff,

   -against-

NORTHLAND GROUP INC.

                Defendant.
-----------------------------------------------------------

**13 CV 1988**

**JUDGE KARAS**

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff David Farkash seeks redress for the illegal practices of Northland Group Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Edina, Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to David Farkash*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or April 16, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Upon receipt of the said letter, Plaintiff sent the Defendant a letter via USPS Certified Mail on or about May 6, 2012 disputing the alleged debt.

12. A track and confirm confirmation from USPS on May 11, 2012 reflects that the said dispute letter was received by the Defendant.

13. Defendant ignored the said dispute letter and sent the Plaintiff a further collection letter on or about May 19, 2012 seeking to collect the said alleged debt in violation of 15 U.S.C. § 1692g.

14. Defendant violated 15 U.S.C. §§ 1692e, 1692e(8), 1692e(10) and 1692g for the failure to communicate that a disputed debt is disputed and for the sending of an additional collection letter without having verified the debt.

## AS AND FOR A FIRST CAUSE OF ACTION
*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

15. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fourteen (14) as if set forth fully in this cause of action.

16. This cause of action is brought on behalf of Plaintiff and the members of a class.

17. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter; (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff, sent within one year prior to the date of the within complaint; (b) the collection letters were sent to a consumer seeking payment of a consumer debt purportedly owed to LVNV Funding LLC; and (c) the collection letters were not returned by the postal service as undelivered; and (d) that the Defendant violated 15 U.S.C. §§ 1692e, 1692e(8) and 1692e(10) for the failure to communicate that a disputed debt is disputed and for sending a letter without having verified the debt in violation of 15 U.S.C. §§ 1692e(10) and 1692g.

18. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received such collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

19. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

20. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

22. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

23. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    (a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 21, 2013

*(signature)*

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*(signature)*

Adam J. Fishbein (AF-9508)



**Northland Group Inc.**

P.O. Box 390846
Minneapolis, MN 55439
Mail Code SHT38

866-699-4523
NGI@northlandgroup.com
Hours of Operation: M-Th 7-9, F 7-7, Sat 8-2 CT
www.payments2northland.com

April 16, 2012

**ACCOUNT INFORMATION**
Current Account Owner: LVNV Funding LLC
Previous Creditor: Citibank
Original Account #: ************2742

74240522-501D    762815029

David Farkash
96 College Rd
Monsey NY 10952-2451

**NORTHLAND ACCOUNT NUMBER**
F74240522

**CURRENT BALANCE DUE**
$29,582.41

**SETTLEMENT OFFER**
$4,437.36

## Your past due account balance: $29,582.41
## Your settlement offer: $4,437.36

Dear David Farkash,

The above referenced LVNV Funding LLC account has been assigned to Northland Group, Inc. for collection. As of the date of this letter, you owe $29,582.41. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 866-699-4523.

LVNV Funding LLC is willing to reduce your balance by offering you a settlement. We are not obligated to renew this offer. Upon receipt and clearance of $4,437.36, a letter will be sent confirming the above referenced account has been resolved. This offer does not affect your rights set forth below. LVNV Funding LLC has purchased the above referenced account from the above referenced Previous Creditor. LVNV Funding LLC has placed your account with this agency for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.



**Pay Online:** www.payments2northland.com

May 6, 2012

From:
David Farkash
96 College Rd
Monsey, NY 10952-2451

To:
NORTHLAND GROUP INC.
7831 Glenroy Road, Suite 250
Edina, MN 55439

RE:  Account # F74240522

Dear Management:

This letter is lawful notification to NORTHLAND GROUP INC. as the first step of due process of law pursuant to the Bill of Rights and the Federal Constitution, in particular Articles I, IV, V, VII, and IX of the Amendments,. Please take Notice that David Farkash **CONDITIONALLY ACCEPTS YOUR CLAIM UPON BONA FIDE PROOF  (in good faith and without deceit) that your claim is lawful and valid.**

Please take lawful notice that in order to effect this *BONA FIDE PROOF*, NORTHLAND GROUP INC. via a legally authorized representative is lawfully required and hereby demanded to respond point by point in Truth, Fact, and Evidence to each and every item set forth in this correspondence before he or his Authorized Representative can make an offer to settle NORTHLAND GROUP INC.'s alleged claim in this matter.

Please provide the following:

1. A copy of the contract that binds myself, a Natural Person, and NORTHLAND GROUP INC., a creature of the State who is defined as an ARTIFICIAL PERSON.

2. PROOF OF CLAIM via certified, notarized, specific, and relevant documents that NORTHLAND GROUP INC.:

    a. Has any contract or agreement which lawfully compels this Natural Person to accept and/or respond to any communications from NORTHLAND GROUP INC.
    b. Is a lawful and valid party in interest in this matter.
    c. Is not an unrelated third party.
    d. Is not an unrelated third party debt collector.
    e. Did not purchase this alleged debt for an agreed upon cost from an alleged other COMPANY, CORPORATION, or Party.
    f. Is not acting on its own behalf and/or interests in this instant matter.
    g. When and how did you get my permission to obtain my consumer credit report.

Please have your legally authorized representative respond via signed affidavit, under penalty of perjury, and enclose copies of all relevant documents that demonstrate BONA FIDE PROOF OF YOUR CLAIM within 10 days of receipt of this letter, via certified mail.

This is not a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section.

If your offices fail to respond to this validation request within 10 days from the date of your receipt, all references to this account must be deleted and completely removed from all of my 3 consumer credit report files Experian, Trans Union, Equifax, and a copy of such deletion request shall be sent to me immediately.

Your failure to provide a lawfully valid response within 10 days, as stipulated, is NORTHLAND GROUP INC. and their representatives admission to the fact that you have no BONA FIDE PROOF OF CLAIM in this instant matter which is your lawful, legal and binding agreement with and admission to this fact as true, correct, legal, lawful and binding upon you, in any court, anywhere in America, without your protest or objection or that of those who represent you.
Your silence is your acquiescence.

Dated: May 6, 2012

All Rights Reserved,
Respectfully submitted,

By: _____
David Farkash, American Citizen
Authorized Representative
96 College Rd
Monsey, NY 10952-2451

Sent by Certified US Mail # 7011 2970 0002 6273 3424



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

MINNEAPOLIS MN 55439

| | | |
|---|---|---|
| Postage | $ | $0.45 |
| Certified Fee | | $2.95 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $3.40 |

Postmark Here  MAY -7 2012

Sent To: NORTLAND GROUP
Street, Apt. No.; or PO Box No.
City, State, ZIP+4: EDINA MN 55439

PS Form 3800, August 2006     See Reverse for Instructions

English   Customer Service   USPS Mobile                                    Register / Sign In

**USPS.COM**

Search USPS.com or Track Packages

Quick Tools          Ship a Package   Send Mail   Manage Your Mail   Shop   Business Solutions

# Track & Confirm

PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70112970000262733424 | First-Class Mail® | Delivered | May 11, 2012, 9:56 am | MINNEAPOLIS, MN 55439 | |

**Check on Another Item**

What's your label (or receipt) number?

Find

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2013 USPS. All Rights Reserved.



**Northland Group Inc.**

866-699-4523
NGI@northlandgroup.com
Hours of Operation: M-Th 7-9, F 7-7, Sat 8-2 CT
www.payments2northland.com

May 19, 2012

David Farkash
96 College Rd
Monsey, NY 10952-2451

P.O. Box 390846
Minneapolis, MN 55439
Mail Code SHT38

**ACCOUNT INFORMATION**

Current Account Owner: **LVNV Funding LLC**
Previous Creditor: **Citibank**
Original Account #: ************2742
Current Balance Due: **$29,691.86**

**NORTHLAND ACCOUNT NUMBER**

F74240522



## Settle your account in 3 or 6 payments!

In order to assist you in clearing this debt, we are offering options.

**Option I:** LVNV Funding LLC will allow you to settle your account for $4,453.80 in 3 payments starting on 05/31/12. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of all three payments of $1,484.60, a letter will be sent confirming the above referenced account has been resolved.

**Option II:** LVNV Funding LLC will allow you to settle your account for $5,938.38 in 6 payments starting on 05/31/12. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of all 6 payments of $989.73, a letter will be sent confirming the above referenced account has been resolved.

Please contact the representative below at 866-699-4523 if you have any questions. These are not your only options.

**WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT.** The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN.

**ACH DISCLOSURE:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. **When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.**



**Pay Online:** www.payments2northland.com